IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALAN HALL AND JAMES DEPALMA, | § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:16CV978 |
| | § | JUDGE MAZZANT/JUDGE JOHNSON |
| v. | § § | CONSOLIDATED WITH: 4:16CV981 |
| RENT-A-CENTER, INC., ROBERT D. DAVIS, AND GUY J. CONSTANT, | § § § | |
| Defendants. | § § | |

### ORDER AND OPINION

Pending before the Court are the following motions:

(1) Motion of Oklahoma Firefighters Pension and Retirement System ("Oklahoma") for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (Dkt. 10); and

(2) Alan Hall and Larry Adams' Motion for Appointment as Lead Plaintiff and Approval of Counsel (Dkt. 14).

Oklahoma filed a Response (Dkt. 26) and a Reply (Dkt. 30) in support of its motion. For the following reasons, the Court finds Oklahoma's motion (Dkt. 10) is **GRANTED** and Alan Hall and Larry Adams' motion (Dkt. 14) is **DENIED**.

### I.  BACKGROUND

Rent-A-Center, Inc. (the "Company" or "Rent-A-Center") operates a network of stores that provides consumer electronics, appliances, computers, smartphones, and furniture, under rental purchase agreements. *See* Dkt. 10 at 6. In the summer of 2015, the Company began implementing a new point of sale ("POS") system and customer credit program, which the Company claimed would better control inventories and increase revenues and profitability. *See id.* It is alleged that the Company's POS system was not implemented properly, causing severe harm to the Company's overall operations. *See id.* at 6-7.

1

On December 23, 2016, Alan Hall filed a complaint against the Company, Robert D. Davis, and Guy J. Constant, on behalf of himself and others similarly situated, for damages suffered as a result of federal security law violations and false, misleading statements, and/or material omissions between July 27, 2015, and October 10, 2016, inclusive (the "Class Period"). *See* Dkt. 1. On January 30, 2017, Alan Hall moved to consolidate his case with *DePalma v. Rent-A-Center, Inc. et al.*, Case No. 4:16-cv-00981-ALM-KPJ filed on December 28, 2016, because both cases were virtually identical. *See* Dkt. 8. The Court granted the motion. *See* Dkt. 9.

On February 21, 2017, five (5) separate motions to appoint as lead plaintiff and approval of counsel were filed. *See* Dkts. 10, 13, 14, 15, 16. Three (3) of the movants requested the Court to withdraw their motions (Dkts. 13, 15, 16), and the Court granted the movants' request. *See* Dkts. 28, 29, 33. Although Alan Hall and Larry Adams did not request the Court to withdraw their motion (Dkt. 14), they notified the Court that it appeared they do not possess the "largest financial interest in the relief sought by the class" as required by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u(a)(3)(B). *See* Dkt. 25. Thus, the Court is considering only Oklahoma's motion (Dkt. 10) as to whether it meets the requirements for "Oklahoma" to be designated as lead plaintiff.

## II. <u>LEGAL STANDARD</u>

The PSLRA provides a sequential procedure for selecting a lead plaintiff for each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(1). First, a plaintiff that filed a complaint under the PSLRA must publish the pendency of the action, the claims asserted, and the purported class period in a widely circulated national business-oriented publication or wire service within twenty (20) days of filing the action. *See* § 78u-4(a)(3)(A)(i). Any member of the

purported class may move the court to serve as lead plaintiff of the purported class within sixty (60) days of the publication. *See id.*

The court shall consider all motions made by class members and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff. *See* § 78u4(a)(3)(B)(i). The court shall adopt a presumption that the "most adequate plaintiff" is the person or groups of persons who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23. *See* § 78u-4(a)(3)(B)(iii)(I).

### III. ANALYSIS

As stated previously, the Court is considering whether Oklahoma should be appointed as lead plaintiff. First, the issue is whether Oklahoma has satisfied the PSLRA procedural requirements. Alan Hall was the first plaintiff to file a complaint and caused notice regarding the pending nature of this case in *Business Wire*, a widely-circulated, national, business-oriented news reporting wire service, on December 23, 2016. *See* Dkt. 11-3. Thus, any member of the proposed class would be required to file a motion to be appointed as lead plaintiff on or before February 21, 2017. Oklahoma filed its motion on February 21, 2017. *See* Dkt. 21. Thus, Oklahoma satisfied the first requirement.

Second, the issue is to determine which of the movants possess the largest financial interest in the relief sought by the class. Oklahoma has alleged that they incurred a loss of $431,940.90, under the widely-accepted last in, first out ("LIFO") loss calculation method on its investments in Rent-A-Center securities. *See* Dkt. 11-2. All other movants have agreed that

Oklahoma has the largest financial interest. *See* Dkts. 23, 24, 25, 31. Thus, the Court finds Oklahoma has the largest financial interest.

Finally, the Court must determine whether Oklahoma has otherwise satisfied the requirements of Rule 23. With respect to class certification, Rule 23(a) requires: (1) the class be so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) such claims are typical of those of the class; and (4) the representative will fairly and adequately protect the interests of the class. *See* FED. R. CIV. P. 23(a). At the lead plaintiff selection stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See In re Kosmos Energy Ltd. Sec. Litig.*, 2012 WL 6199318, at *2 (N.D. Tex. Nov. 1, 2012) (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)).

Oklahoma's claims are typical of those of the class. A proposed lead plaintiff's claims are considered typical where there is sufficient similarity between the class representative's legal and remedial theories and the legal and remedial theories of those whom they purport to represent. *See Lighbourn v. Cnty. of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997). If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality. *See James v. City of Dall., Tex.*, 254 F.3d 551, 571 (5th Cir. 2001). Oklahoma seeks the same relief and advances the same legal theories as other class members. Oklahoma purchased Rent-A-Center securities during the Class Period at prices that are alleged to be artificially inflated by Defendants' misrepresentations and omissions, and suffered damages as a result. Thus, Oklahoma has met the low threshold for demonstrating typicality. *See Lighbourn*, 118 F.3d at 426.

Oklahoma's claims will fairly and adequately protect the interests of the class. The adequacy requirement mandates an inquiry into: (1) the zeal and competence of the representative's counsel; and (2) the willingness and ability of the representatives to take an active role in and control the litigation and protect the interests of absentees. *See Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001). Differences between named plaintiffs and class members render the named plaintiffs' inadequate representatives only where those differences create conflicts between the named plaintiffs' and the class members' interests. *See id.* at 480. Oklahoma has selected the law firm of Labaton Sucharow to represent the class, who has had experience in prosecuting securities class action cases. *See* Dkt. 10 at 14. Further, no antagonism exists between the interests of Oklahoma and the other class members, and additionally, Oklahoma's significant loss provides a sufficient interest in the outcome of the case to ensure vigorous advocacy, which squarely aligns with the interests of the class. *See id.* at 13-14. Thus, the Court finds Oklahoma has satisfied the requirements of Rule 23 at this stage of litigation.

## IV. CONCLUSION

For the foregoing reasons, the Court finds Oklahoma's motion (Dkt. 10) is **GRANTED**, and Alan Hall and Larry Adams' motion (Dkt. 14) is **DENIED**. The Court finds Oklahoma shall be designated as lead plaintiff, and the Court approves Oklahoma's selection of lead counsel.

**It is SO ORDERED**

**SIGNED this 15th day of March, 2017.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE