UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ALAN HALL AND JAMES DEPALMA, § § § <br> PLAINTIFFS, § § <br> v. § <br> § <br> RENT-A-CENTER, INC., ROBERT D. § <br> DAVIS, AND GUY J. CONSTANT, § § <br> DEFENDANTS. § § | CIVIL NO. 4:16-CV-00978-ALM-CMC |

**ORDER AWARDING ATTORNEYS' FEES AND**
**PAYMENT OF EXPENSES**

This matter came before the Court for hearing on May 3, 2019 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* and was transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated December 3, 2018 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the motion satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4. Lead Counsel is hereby awarded attorneys' fees in the amount of $2,750,000, plus interest at the same rate earned by the Settlement Fund (which is 25% of the Settlement Fund), and payment of litigation expenses in the amount of $362,572.91, which sums the Court finds to be fair and reasonable.  Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5. The award of attorneys' fees and expenses may be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $11,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b) The fee sought by Lead Counsel has been reviewed and approved as reasonable by the Lead Plaintiff, an institutional investor that oversaw the prosecution and resolution of the Action;

(c) Copies of the Notice were mailed to 31,139 potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and expenses in an amount not to exceed $440,000, and there were no objections to the requested attorneys' fees and expenses;

(d) Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e) The Action raised a number of complex and difficult issues;

(f) Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(g) Plaintiffs' Counsel devoted over 6,196 hours, with a lodestar value of approximately $3,321,021.00 to achieve the Settlement; and

    (h)    The amount of attorneys' fees awarded and litigation expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

7.    Lead Plaintiff Oklahoma Firefighters Pension and Retirement System is hereby awarded $2,000.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

8.    Hollywood ERF is hereby awarded $3,090.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its efforts in the litigation.

9.    Any appeal or any challenge affecting this Court's approval regarding any of the attorneys' fees and expense applications shall in no way disturb or affect the finality of the Judgment.

10.    Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

11.    In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

12.    There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**SIGNED this 3rd day of May, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE